PAUL C. SOUTHWICK (*Pro Hac Vice Pending*)
  paulsouthwick@dwt.com
ARLEEN FERNANDEZ (State Bar No. 318205)
  arleenfernandez@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Plaintiff
JOANNA MAXON

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNA MAXON, AN INDIVIDUAL,<br><br>Plaintiff,<br><br>vs.<br><br>FULLER THEOLOGICAL SEMINARY, a California nonprofit corporation; MARIANNE MEYE THOMPSON, an individual,<br><br>Defendant. | Case No. _____<br><br>**COMPLAINT FOR:**<br><br>1. TITLE IX OF THE EDUCATION AMENDMENTS OF 1972, 20 USC §§ 1681, ET SEQ.<br>2. CALIFORNIA'S UNRUH CIVIL RIGHTS ACT, CAL. CIV. CODE §§ 51-52 ET SEQ.<br>3. BREACH OF CONTRACT<br>4. INTENTAIONL INFLICTION OF EMOTIONAL DISTRESS<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, JOANNA MAXON, an individual ("Plaintiff"), for her Complaint against Defendant FULLER THEOLOGICAL SEMINARY ("Fuller") and Defendant MARIANNE MEYE THOMPSON ("Dean Thompson"), alleges as follows:

1. This is a civil rights case about a woman who was expelled from her graduate program for one reason: she married another woman.

2. Mrs. Maxon is a wife and mother who hoped to use her degree to become a better supervisor, to advance her career and to open up new opportunities for serving her community. Mrs. Maxon financed her education through federal

COMPLAINT FOR DAMAGES
4848-7718-1869v.1 0201543-000001

1

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

funding from the U.S. Department of Education. Now, after suddenly being expelled because of her same-sex marriage, Mrs. Maxon has to repay those loans and to reassess her professional goals.

3. The institution that expelled her, while religious in nature, accepts federal funding, offers a variety of degree programs, does not require students to adhere to a statement of faith, and has not received a religious exemption from the requirements of Title IX.

4. Mrs. Maxon is a Christian woman who took her studies seriously. She worked diligently on the courses in her program. Her peers and professors respected and admired her. She deserved more than a cold letter dismissing her "effective immediately."

5. Being cast aside, by a distant administrator, from a community she loved, and that had loved her back, hurt deeply and aggravated the rejection and trauma she has experienced as a woman and a sexual minority. As one of her former professor's has recognized, "This is wrong."

## JURISDICTION AND VENUE

6. This action arises under Title IX, Education Amendments of 1972, 20 U.S.C. § 1681 *et seq*. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

7. This Court has supplemental jurisdiction over Mrs. Maxon's state law claims pursuant to 28 U.S.C. § 1367 because her state law claims are related to her federal claims and form part of the same case and controversy.

8. This Court has personal jurisdiction over Fuller because Fuller is a California non-profit corporation whose principal offices are located in this District. This Court has personal jurisdiction over Dean Thompson because, on information and belief, Dean Thompson resides in this district.

COMPLAINT FOR DAMAGES
4848-7718-1869v.1 0201543-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

9. Venue is proper in this district court pursuant to 28 U.S.C. § 1391(b) because Defendants reside in this district and a substantial part of the events giving rise to Mrs. Maxon's claims occurred in this district.

## PARTIES

10. Plaintiff is a Texas resident currently residing in Fort Worth, Texas.

11. Defendant Fuller Theological Seminary ("Fuller") is a California nonprofit corporation, located at 135 North Oakland Avenue, Pasadena, California 91182.

12. Defendant Marianne Meye Thompson is an individual residing in California and working at Fuller. At all times relevant to this complaint, Dean Thompson acted within the course and scope of her employment at Fuller.

13. Whenever and wherever reference is made in this Complaint to any act or failure to act by a Defendant or Defendants, such allegations and references shall also be deemed to mean the acts and failure to act of each Defendant acting individually, jointly, and severally.

## FACTUAL ALLEGATIONS

**A.   Mrs. Maxon Enrolls at Fuller.**

14. Fuller's main campus is located on 13 acres in the Playhouse District of Pasadena. Its campus includes 29 buildings with nearly 300,000 square feet of office, administrative, and educational space and 267 residential units.

15. Fuller also offers educational degree programs online and at several regional campuses across the country. The majority of students do not attend class at Fuller's main campus.

16. Fuller offers degrees in psychology, intercultural studies and theology.

COMPLAINT FOR DAMAGES
4848-7718-1869v.1 0201543-000001

3

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

17. Mrs. Maxon enrolled at Fuller in 2015 through the school of theology. She was primarily enrolled in courses online. She also attended some courses at Fuller's regional campus in Texas.

18. At the time of her application, Mrs. Maxon was married to her husband. After her admission was approved and she had a start date, she and her husband separated. She called the school and asked to move her start date of studies. This was granted and she disclosed her divorce to Fuller along with changing her last name. Her divorce was finalized prior to her start date, her first class had her old last name and she had to work through having her name and email address for the school changed during that first quarter.

19. Mrs. Maxon began dating a woman and discussed her same-sex relationship with students and professors at Fuller. Students and professors were supportive of her and her family.

20. In 2016, after the legalization of same-sex marriage, Mrs. Maxon married her wife. They filed a joint tax return and Mrs. Maxon authorized the IRS to share her tax return with Fuller for purposes of financial aid.

21. Mrs. Maxon is also a mother.

22. Mrs. Maxon discussed her same-sex marriage and family with students and professors at Fuller. They continued to be supportive and affirming of her and her family.

23. Over the next three years, Mrs. Maxon maintained a strong GPA at Fuller and nearly completed her Master of Arts in Theology ("MAT") degree. She started her time at Fuller as a Masters of Arts in Theology and Ministry ("MATM") student and changed her degree to MAT, which is a more academic degree and would have allowed her to pursue a Ph.D. at some point, which is fitting as she had not discerned a call to vocational ministry in her time at Fuller.

4

COMPLAINT FOR DAMAGES
4848-7718-1869v.1 0201543-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

24. Students who enroll in the MAT degree program pursue the degree to enhance their leadership skills for use in a variety of professions, including ministry, business, nonprofit work, and the arts.

25. Fuller admits students from a variety of faith traditions.

26. Fuller does not require students to adhere to a statement of faith.

27. Fuller admits students who are sexual or gender minorities (LGBTQIA+).

28. Fuller does not prohibit same-sex relationships among its students.

29. Fuller is an independent institution. Fuller is not affiliated with a religious denomination or church. Fuller's board is not appointed by a religious organization.

30. Fuller does not have members or owners.

31. As an accredited educational institution, Fuller's primary purpose is to provide educational courses and to grant certificates, diplomas and degrees in recognition of student completion of graduation requirements (collectively, "educational services").

32. Fuller charges students tuition for its educational services.

33. Fuller competes in the marketplace against other private and public colleges and universities to attract students, faculty, and administrators.

34. Fuller competes in the marketplace to attract revenues from students who finance their education through federal student loans.

35. Students attend Fuller, at least in part, to further their economic opportunities.

36. A Fuller degree confers an economic benefit on students.

37. Fuller is accredited by the secular Western Association of Schools and Colleges' (WASC) Senior College and University Commission.

38. Mrs. Maxon funded her education at Fuller through student loans from the U.S. Department of Education.

5
COMPLAINT FOR DAMAGES
4848-7718-1869v.1 0201543-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

39. On information and belief, the majority of Fuller's revenues come from student loans funded by the federal government.

**B. Fuller Expels Mrs. Maxon.**

40. On August 29, 2018, Nicole Boymook, Executive Director of the Office of Student Concerns ("OSC"), and the Title IX & Discrimination Officer for Students, submitted a Complaint Resolution Report relating to a complaint form submitted by the Office of Student Financial Service ("OSFS"). See Exhibit 1.

41. The complaint form submitted by OSFS appears to have alleged that Mrs. Maxon violated "Community Standard: Sexual Standards." OSC did not provide a copy of the complaint form to Mrs. Maxon. According to the Complaint Resolution Report, the basis for OSFS's complaint was twofold: (1) that OSFS received a copy of Mrs. Maxon's 2016 income tax returns indicating that Joanna was married to another female and (2) Mrs. Maxon's acknowledgment of her marriage during an August 28, 2018 telephone conversation that was part of an investigation conducted by Ms. Boymook.

42. During this investigation, Ms. Boymook did not ask Mrs. Maxon if she had engaged in "homosexual forms of explicit sexual conduct," which is what Fuller's Community Standard: Sexual Standard prohibits. Fuller's Community Standard: Sexual Standard does not prohibit same-sex dating relationships or same-sex civil marriages.

43. After the call with Ms. Boymook, Mrs. Maxon reached out to a Fuller professor and administrator for advice. In response, that professor and administrator affirmed their support for Mrs. Maxon, telling her "You are enough…Joanna I am for you[.]"

44. Three weeks later, on September 20, 2018, which was only one business day before classes for the fall quarter began, Ms. Boymook provided Mrs. Maxon with a copy of the Complaint Resolution Report. Ms. Boymook stated that Mrs. Maxon could respond in writing as to whether or not she accepted the findings

6

COMPLAINT FOR DAMAGES
4848-7718-1869v.1 0201543-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

in the report. Ms. Boymook emphasized that "**this is your *only* opportunity to provide direct input for consideration by the Dean.**" (bold and italics in the original). Ms. Boymook directed Mrs. Maxon to provide her written response to Dean Thompson by September 30, 2018.

45. On September 30, 2018, Mrs. Maxon wrote to Dean Thompson. She stated that she wished "that this wasn't a letter but a conversation we could have had over coffee." She explained that she entered Fuller in the Spring of 2015, more than three years before the date of her letter to Dean Thompson.

46. Mrs. Maxon went on to disclose to Dean Thompson that she had made "a financial, emotional, and legal commitment to the person I love."

47. Mrs. Maxon did not describe any sexual commitment or "homosexual forms of explicit sexual conduct" in her letter.

48. Mrs. Maxon then went on to explain how she now recognizes that Fuller led her into feeling a "false sense of safety" at Fuller because Fuller welcomes diversity and differences of opinion and because she had discussed her same-sex partner and same-sex marriage in class with professors and students on multiple occasions without opposition or reprimand.

49. Mrs. Maxon asked Dean Thompson to allow her to finish her degree at Fuller, as she had been there over three years and only had a few classes remaining.

50. On October 9, 2018, several weeks into one of Mrs. Maxon's final quarters at Fuller, Dean Thompson sent Mrs. Maxon a letter informing her that she was dismissing her from Fuller, effective immediately. Dean Thompson concluded that Mrs. Maxon's same-sex marriage put her in violation of Fuller's Community Standard: Sexual Standard.

51. However, the Sexual Standard does not prohibit a same-sex civil marriage.

52. Moreover, Fuller had not obtained, or presented, evidence that Mrs. Maxon had engaged in "homosexual forms of explicit sexual conduct."

COMPLAINT FOR DAMAGES
4848-7718-1869v.1 0201543-000001

7

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

53. Rather, Fuller based its decision, at all stages of the process, on Mrs. Maxon's same-sex marriage, which was not, in and of itself, a violation of Fuller's Community Standard: Sexual Standard.

54. Dean Thompson explained that "whenever violations of our Sexual Standards are brought to Fuller's leadership's attention, we address them as dictated by our policies and procedures." Dean Thompson then concluded by stating that "I am instructing the Registrar to dismiss you from the seminary, effective immediately."

55. Dean Thompson provided no discussion as to why she selected the severe punishment of expulsion for Mrs. Maxon.

56. Fuller could have applied many other options for discipline and reconciliation.

57. Dean Thompson either did not consider, or dismissed, the impact that her decision would have on Mrs. Maxon's child, her family's finances and her professional future.

58. Fuller, through its faculty, administrators and other students, knew all of these things about Mrs. Maxon and, for three and a half years, welcomed her into its community.

59. Shortly after her dismissal, Mrs. Maxon wrote to a professor that "[B]efore I received notification of my dismissal from the dean this past week, no one at Fuller who has heard or knows this piece of my story (students or professors) has sought to exclude me from the seminary. In fact, the opposite has been true."

60. Sadly, although she had been living transparently and had been affirmed by her community, Mrs. Maxon was suddenly treated by Fuller's administration as if she were a threat and a social pariah.

61. Mrs. Maxon's community, where she found so much love, inspiration and acceptance, had suddenly cast her out.

8

COMPLAINT FOR DAMAGES
4848-7718-1869v.1 0201543-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

62. As the professor who Mrs. Maxon had confided in wrote: "This is wrong."

## C. Fuller's Policies

63. Fuller's Non-Discrimination Policy states: "Fuller Theological Seminary is committed to providing and modeling a learning, working, living, and community environment that is free of unlawful discrimination in all of its policies, practices, procedures, and programs. This commitment extends to the seminary's administration of its educational policies, admissions, employment, educational programs, and activities. In keeping with this commitment, the seminary does not discriminate on the basis of race, color, national origin, ancestry, sex, sexual orientation, marital status, military and veteran status, medical condition, physical disability, mental disability, genetic characteristics, citizenship, gender, gender identity, gender expression, pregnancy, or age."

64. Fuller's Policy Against Unlawful Discrimination states: "Fuller Theological Seminary also does not discriminate on the basis of sexual orientation. The seminary does lawfully discriminate on the basis of sexual conduct that violates its biblically based Community Standard Statement on Sexual Standards. The seminary believes that sexual union must be reserved for marriage, which is the covenant union between one man and one woman. The seminary believes premarital, extramarital, and homosexual forms of explicit sexual conduct to be inconsistent with the teaching of Scripture. Therefore, the seminary expects members of its community to abstain from what it holds to be unbiblical sexual practices."

65. Fuller's Title IX Policy states: "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving federal financial assistance. Title IX of the Education Amendments of 1972[.] Title IX of the Education Amendments of 1972 (Title IX) prohibits discrimination based

9
COMPLAINT FOR DAMAGES
4848-7718-1869v.1 0201543-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

on gender in educational programs that receive federal financial assistance. Programs and activities that may be included are admissions, recruitment, financial aid, academic programs, athletics, housing, and employment. Title IX also protects men and women from unlawful sexual harassment in school programs and activities."

## FIRST CAUSE OF ACTION

## VIOLATION OF TITLE IX OF THE EDUCATION AMENDMENTS OF 1972, 20 U.S.C. §§ 1681, ET SEQ. (SEX AND SEXUAL ORIENTATION)

66. Plaintiff incorporates by reference each of the allegations in all prior paragraphs in this Complaint as though fully set forth herein.

67. Under Title IX of the Education Amendments of 1972, Fuller is prohibited from discriminating against Mrs. Maxon on the basis of sex. 20 U.S.C. §§ 1681, et seq. Discrimination on the basis of sex includes discrimination on the basis of sexual orientation.

68. Defendants discriminated against Mrs. Maxon by treating her differently than a similarly situated male.

69. If Mrs. Maxon was male, Fuller would not have expelled her.

70. Defendants discriminated against Mrs. Maxon based on her sexual orientation because it expelled Mrs. Maxon for entering into a civil same-sex marriage.

71. If Mrs. Maxon had entered into a heterosexual marriage, Fuller would not have expelled her.

72. Indeed, even though Mrs. Maxon had dissolved a heterosexual marriage, Fuller still admitted Mrs. Maxon to its degree program.

73. Defendants also discriminated against Mrs. Maxon based on her sex and sexual orientation by subjecting her to stricter disciplinary action than Fuller would have subjected a male, heterosexual student.

COMPLAINT FOR DAMAGES
4848-7718-1869v.1 0201543-000001
10
DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

74. Male, heterosexual students are not subjected to the monitoring, interrogation, and discipline Defendants subjected Mrs. Maxon to.

75. Defendants' conduct was intentional, willful, and taken in disregard of Mrs. Maxon's federally-protected rights.

76. As a result of Defendants' conduct, Mrs. Maxon has suffered emotional distress, humiliation and other damages.

77. Mrs. Maxon is entitled to declaratory relief, statutory damages, treble damages, costs and attorney fees.

## SECOND CAUSE OF ACTION
## UNRUH CIVIL RIGHTS ACTS
## (SEX, GENDER EXPRESSION, AND SEXUAL ORIENTATION DISCRIMINATION)

78. Plaintiff incorporates by reference each of the allegations in all prior paragraphs in this Complaint as though fully set forth herein.

79. California Civil Code section 51 states, "All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration status are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."

80. As described above, Fuller is a business establishment subject to section 51.

81. The actions and omissions of Defendants alleged herein constitute a denial of full and equal accommodation, advantages, facilities, privileges, or services by Fuller on the basis of Mrs. Maxon's sex and sexual orientation.

11
COMPLAINT FOR DAMAGES
4848-7718-1869v.1 0201543-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

82. The violations of the Unruh Civil Rights Act caused Plaintiff to experience humiliation, emotional distress and other damages as described above. The Defendants are also liable for statutory damages, attorney fees and costs.

## THIRD CAUSE OF ACTION
## BREACH OF CONTRACT AS TO DEFENDANT FULLER

### (Count 1)

83. Plaintiff incorporates by reference each of the allegations in all prior paragraphs in this Complaint as though fully set forth herein.

84. The actions of Defendant Fuller as described above constitutes a breach of an agreement ("the Agreement").

85. Defendant Fuller agreed to provide educational services to Mrs. Maxon, in accordance with Fuller's policies, in exchange for a fee in the form of tuition.

86. However, as described above, Defendant Fuller failed to provide educational services to Mrs. Maxon in accordance with Fuller's policies and improperly expelled Mrs. Maxon.

87. Fuller did not follow the disciplinary procedures outlined in Fuller's student handbook.

88. Fuller punished Mrs. Maxon for her civil same-sex marriage even though a civil same-sex marriage is not prohibited by Fuller's code of conduct.

89. Fuller punished Mrs. Maxon more harshly than it punished male heterosexual students.

90. Fuller misused Mrs. Maxon's protected information from her tax return.

91. The breach has proximately caused damage to Plaintiff, such that Plaintiff is entitled to compensatory damages in the amount of at least $75,000, according to proof at trial.

12

COMPLAINT FOR DAMAGES
4848-7718-1869v.1 0201543-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**(Count 2 – Covenant of Good Faith and Fair Dealing)**

92. Plaintiff incorporates by reference each of the allegations in all prior paragraphs in this Complaint as though fully set forth herein.

93. Certain portions of Fuller's policies purport to grant discretion to administrators in implementing such policies.

94. Fuller and Dean Thompson abused that discretion and exercised it in bad faith by expelling Mrs. Maxon for her same-sex marriage.

95. Mrs. Maxon did not expect that Fuller would expel her because of her civil same-sex marriage. Mrs. Maxon's expectation was reasonable as Fuller did not prohibit civil same-sex marriage by students. Her expectation was confirmed by the supportive and affirming conduct of students and professors at Fuller.

96. The breach has proximately caused damage to Plaintiff, such that Plaintiff is entitled to compensatory damages in the amount of at least $75,000, according to proof at trial.

## FOURTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

97. Plaintiff incorporates by reference each of the allegations in all prior paragraphs in this Complaint as though fully set forth herein.

98. As described above, Fuller's conduct was intentional and outrageous for the following reasons:

    a. Fuller punished Mrs. Maxon for exercising her constitutional right to marry the woman she loves;

    b. Fuller does not prohibit students from entering into civil same-sex marriages, and students and professors at Fuller supported Mrs. Maxon's same-sex marriage, yet Fuller punished Mrs. Maxon for her same-sex marriage;

    c. Fuller violated Mrs. Maxon's rights under the Federal Educational Privacy Act by misusing Mrs. Maxon's federally protected,

13
COMPLAINT FOR DAMAGES
4848-7718-1869v.1 0201543-000001
DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

confidential information from her tax return to punish her for her same-sex marriage, rather than for financial aid purposes.

99. Defendants' conduct caused Plaintiff to experience humiliation, emotional distress and other damages as described above in the amount of approximately $500,000, according to proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for relief and judgment against Defendants as follows:

1. As to Plaintiff's First Cause of Action:
   a. A declaration that Defendants violated Title IX;
   b. An award of all appropriate damages, including but not limited to statutory damages, general damages, and treble damages in an amount to be proven at trial;
   c. Attorneys' fees and costs as provided by statute pursuant to 42 U.S.C. § 1988(b).
2. As to Plaintiff's Second Cause of Action:
   a. A declaration that Defendants violated the Unruh Civil Rights Act;
   b. An award of statutory damages, costs and attorney fees pursuant to California Civil Code section 52(a);
3. As to Plaintiff's Third Cause of Action:
   a. An award of compensatory damages in the amount of at least $75,000, according to proof at trial;
4. As to Plaintiff's Fourth Cause of Action:
   a. An award of damages in the amount of approximately $500,000, according to proof at trial; and
5. Such other and further relief as the Court deems just and proper.

14
COMPLAINT FOR DAMAGES
4848-7718-1869v.1 0201543-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable.

DATED: November 21, 2019         DAVIS WRIGHT TREMAINE LLP

By: */s/ Paul Southwick*
Paul C. Southwick
(*Pro Hac Vice Pending*)

By: */s/ Arleen Fernandez*
Arleen Fernandez, Esq.

Attorneys for Plaintiff
Joanna Maxon

15
COMPLAINT FOR DAMAGES
4848-7718-1869v.1 0201543-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# EXHIBIT 1



# Complaint Resolution Report
# Fuller Theological Seminary

| **Complaint Submitted** | *Community Standard: Sexual Standards* |
|---|---|
| **Submitted by** | *Office of Student Financial Service* |
| **Submitted about** | *Same sex marriage of Joanna Maxon* |
| **Report date** | *August 29, 2018* |
| **Report by** | *Nicole Boymook, Office of Students Concerns* |

### Fuller's Community Standard: Sexual Standards
*Fuller Theological Seminary believes that sexual union must be reserved for marriage, which is the covenant union between one man and one woman, and that sexual abstinence is required for the unmarried. The seminary believes premarital, extramarital, and homosexual forms of explicit sexual conduct to be inconsistent with the teaching of Scripture. Consequently, the seminary expects all members of its community–students, faculty, administrators/managers, staff, and trustees–to abstain from what it holds to be unbiblical sexual practices.*

### Information
The Office of Student Financial Services (OSFS) alerted the Office of Student Concerns (OSC) about a potential violation of Fuller's Community Standard: Sexual Standards. As part of the financial aid process, OSFS received a copy of Joanna's 2016 income tax return and an amended return. The tax return lists Joanna as married, filing jointly with another female.

On August 28, Joanna and Nicole had a phone conversation during which time Nicole asked her if she was married to a woman. She replied in the affirmative to the question.

As part of the application process towards enrollment, all students must sign a statement that indicates that they will not violate any of Fuller's Community Standards. In this situation, by Joanna's admission that Fuller's Community Standard: Sexual Standards has been violated.

Student Life and Services    135 North Oakland Avenue, Pasadena, CA 91182
tele 626.584.5433  studentlife@fuller.edu  www.fuller.edu

**PERSONAL & CONFIDENTIAL**

TO: Joanna Maxon, School of Theology Student

FROM: Nicole Boymook, Executive Director of the Office of Student Concerns,

RE: Community Standards Complaint: Sexual Standards

DATE: September 20, 2018

Enclosed is a copy of the Complaint Resolution Report, which will later be submitted to Marianne Meye Thompson, Dean of the School of Theology.

Under Fuller procedures you have the opportunity to respond in writing as to whether or not you accept the findings and why or why not. You are not required to respond. However, if you choose to do so, your timely received written response will be submitted, along with the enclosed report. **Please note that this is your *only* opportunity to provide direct input for consideration by the Dean.**

If you would like to submit a written response to the enclosed report for consideration by Dean Thompson, your written response must be received in the Office of Student Concerns, to the attention of Nicole Boymook, **no later than 5:00 p.m. on Monday, September 30, 2018.**

You will be contacted in writing by Dean Marianne Meye Thompson, after she has made a decision in this matter.

If you have any questions regarding this process, please contact Nicole Boymook at 626.584.5678 or nicoleboymook@fuller.edu.