PAUL C. SOUTHWICK (*Pro Hac Vice*)
  paulsouthwick@dwt.com
ARLEEN FERNANDEZ (State Bar No. 318205)
  arleenfernandez@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Plaintiffs
JOANNA MAXON and
NATHAN BRITTSAN

DANIEL H. BLOMBERG (*Pro Hac Vice*)
  dblomberg@becketlaw.org
THE BECKET FUND FOR RELIGIOUS LIBERTY
1200 New Hampshire Ave., NW, Ste. 700
Washington, DC 200036
Telephone: (202) 955-0095
Fax: (202) 955-0090
KEVIN S. WATTLES (Cal. State Bar No. 170274)
  kwattles@slfesq.com
SOLTMAN, LEVITT, FLAHERTY & WATTLES LLP
90 E. Thousand Oaks Boulevard, Suite 300
Thousand Oaks, California 91360
Tel: (805) 497-7706
Fax: (805) 497-1147

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNA MAXON, AN INDIVIDUAL, and NATHAN BRITTSAN, AN INDIVIDUAL<br><br>Plaintiff,<br><br>vs.<br><br>FULLER THEOLOGICAL SEMINARY, a California nonprofit corporation; MARIANNE MEYE THOMPSON, an individual; MARI L. CLEMENTS, an individual; NICOLE BOYMOOK, an individual;<br><br>Defendants. | Case No. 2:19-cv-09969-CBM-MRW<br><br>**JOINT RULE FRCP 26(f) REPORT AND DISCOVERY PLAN**<br><br>Honorable Consuelo B. Marshall |

1

JOINT RULE FRCP 26(F) REPORT
4826-3889-8106v.2 0201543-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 26-1, and the Honorable Consuelo B. Marshall's Standing Order (Dkt. 16), counsel participated in a Rule 26(f) conference on April 14, 2020 by telephone, as counsel for the parties were unable to meet in person due to the distance of the parties and to the current COVID-19 quarantine requirements. The parties submit the following report:

### A. FACTUAL ISSUES IN DISPUTE

The core factual issues are not in dispute at this stage of the litigation: The parties agree that Fuller dismissed Plaintiffs because of their same-sex marriages. The parties mainly dispute the legal significance of the facts. The parties will further meet and confer to discuss the possibility of submitting stipulated facts.

### B. BASIS FOR SUBJECT MATTER JURISDICTION

The parties agree that because one of Plaintiffs' causes of action arises under Title IX, Education Amendments of 1972, 20 U.S.C. § 1681 *et seq*, this Court has federal jurisdiction under 28 U.S.C. §§ 1331, 1367.

### C. STATEMENTS OF DISPUTED POINTS OF LAW.

**Plaintiffs' Statement:**

The parties dispute the applicability of Title IX to Plaintiffs' claims against Fuller. Plaintiffs contend that Title IX prohibits Fuller from discriminating against them on the basis of their same-sex marriages as such discrimination constitutes discrimination based on sex and sexual orientation. Plaintiffs further argue that Fuller is subject to Title IX because: (1) Fuller receives federal funding from the U.S. Department of Education; (2) Fuller does not qualify for an exemption from Title IX as it is not an educational institution that is controlled by a religious organization; and (3) in any event, Fuller has not requested or been granted an exemption from Title IX. Plaintiffs argue that enforcing Title IX obligations as to Fuller does not violate Fuller's First Amendment rights or the Religious Freedom Restoration Act as Fuller has voluntarily agreed to participate in a federal funding program.

2

JOINT RULE FRCP 26(F) REPORT
4826-3889-8106v.2 0201543-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Plaintiffs also contend that Fuller failed to provide them with the disciplinary and reconciliation process they were entitled to under their contracts with Fuller. Plaintiffs further contend that Defendants' conduct, including Fuller's expulsion of Plaintiffs for their exercise of their constitutional right to marry the person they love, Fuller's misuse of confidential financial aid information and Fuller's denial of access to student records, constitutes intentional infliction of emotional distress. Plaintiffs also maintain that Fuller fraudulently induced them into enrolling at Fuller because of Fuller's false representations regarding non-discrimination, diversity and respect for students. Finally, Plaintiffs claim that Fuller violated California's Equity in Higher Education Act because Fuller discriminated against Plaintiffs on the basis of sex and sexual orientation and failed to comply with the statute's notice and transparency obligations.

**Defendants' Statement:**

Defendants' position regarding the disputed legal issues are stated in their Motion to Dismiss briefing, Dkts. 46 and 55. In summary, Fuller Theological Seminary is a religious organization that trains Christian men and women for Christian ministry. Fuller's students agree to continual adherence to the Fuller's religious community standards, including the religious standard that marriage is a union between one man and one woman. Fuller dismissed Plaintiffs because they entered same-sex marriages.

Plaintiffs' Title IX claims should be dismissed because (1) the claims do not apply to the individual defendants, Fuller is exempt under Title IX's religious exemption, and Title IX does not apply to discrimination based on sexual orientation; (2) the claims violate the First Amendment's Religion Clauses; (3) the claims violate the First Amendment's protections for expressive association; and (4) the claims violate the Religious Freedom Restoration Act. Similarly, Plaintiffs' state law claims should be dismissed because they violate the First Amendment's Religion Clauses and its protections for expressive association and the freedom of

3

JOINT RULE FRCP 26(F) REPORT
4826-3889-8106v.2 0201543-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

speech. In addition, the Unruh Act does not apply to Fuller and does not apply to Plaintiff Maxon's extraterritorial claims. Finally, Plaintiff Brittsan's claims are time-barred; Plaintiffs' IIED, contract, and fraud claims are deficient on the face of the complaint; their EHEA nondiscrimination claims fail for the same reasons as the Title IX claims; and the EHEA notification claims fail because Fuller has complied with all lawful notification requirements.

### D. STATEMENT OF PROBABLE DAMAGES.

Plaintiffs have sought damages in the amount of $1,000,000 each, and believe that is a realistic estimate of probable damages. Defendants believe that Plaintiffs are not entitled to any damages and are unlikely to recover any.

### E. PRIOR, PENDING, AND ANTICIPATED MOTIONS.

On February 20, 2020, Defendants filed a Motion to Dismiss the First Amended Complaint (FAC) pursuant to Federal Rule of Civil Procedure 12(b)(6). [Dkt. 45.] Plaintiffs filed their Opposition to Defendants' Motion to Dismiss the FAC on March 24, 2020. [Dkt. 53.] Defendants filed their Reply to Plaintiffs' Opposition on March 31, 2020. [Dkt. 55.] The Motion to Dismiss is currently scheduled to be heard on June 30, 2020. The parties anticipate filing Motions for Summary Judgment.

### F. INITIAL DISCLOSURES

The parties will comply with the initial disclosure requirements pursuant to Rule 26(a). The parties propose an initial disclosure deadline of May 22, 2020.

### G. DISCOVERY AND DISPOSITIVE MOTION PLAN

If discovery should proceed, the parties anticipate propounding written discovery and taking depositions. The parties also anticipate issuing subpoenas. Pursuant to Federal Rule of Civil Procedure 5(b)(2)(e), the parties agree to accept service of all documents by email. The parties also anticipate entering into an appropriate stipulated protective order, if necessary.

4

JOINT RULE FRCP 26(F) REPORT
4826-3889-8106v.2 0201543-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

The parties do not request a change to the number of depositions or interrogatories permitted by the rules. The parties agree to produce documents in PDF file formats. If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents. The parties agree not to degrade the searchability of the documents as part of the document production process.

The parties disagree as to whether discovery should proceed while Defendants' Motion to Dismiss is pending. Defendants asked Plaintiffs to agree to a stay of discovery pending disposition of the motion to dismiss. Defendants' reasons were that the purpose of a Rule 12(b)(6) motion is to allow defendants to challenge the legal sufficiency of claims before undergoing discovery, and because discovery here would cause unnecessary judicial entanglement in internal religious affairs. Plaintiffs declined and desire to proceed with discovery. As a compromise, Plaintiffs proposed allowing limited discovery to proceed pending the outcome of the Court's ruling on the motion to dismiss. Plaintiffs have proposed that limited discovery would relate to the Title IX religious exemption, First Amendment, and Religious Freedom Restoration Act issues. Defendants object to Plaintiffs' proposal on the basis that Defendants believe it is premature and broadly intrudes into areas protected by the First Amendment. Defendants thus declined to agree to Plaintiffs' proposed limited discovery and indicated that they would file a motion to stay all discovery pending disposition of the motion to dismiss. Plaintiffs plan to oppose Defendants' motion to stay.

Plaintiffs respectfully request that the Court adopt the following discovery plan:

- Non-Expert Discovery Cut-Off:  August 14, 2020
- Initial Expert Disclosures: September 14, 2020
- Expert Rebuttal Disclosure: September 28, 2020
- Expert Discovery Cut-Off: October 26, 2020

5

JOINT RULE FRCP 26(F) REPORT
4826-3889-8106v.2 0201543-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

- Last day to file dispositive motions: November 24, 2020
- Mediation: January/February 2021
- Trial Date: March 2021

Defendants respectfully request that the Court adopt the following discovery plan, should final resolution of the motion to dismiss, including any related appeals, required proceeding to discovery.

- Initial Expert Disclosures: 150 days after resolution of the motion to dismiss.
- Expert Rebuttal Disclosure: 170 days after resolution of the motion to dismiss.
- Expert Discovery Deadline: 190 days after resolution of the motion to dismiss.
- Deadline for completion of discovery: 220 days after resolution of the motion to dismiss.
- Deadline to file dispositive motions: 250 days after resolution of the motion to dismiss.
- Mediation: 30 days after resolution of dispositive motions
- Trial Date: 90 days after mediation

**H.   RELATED CASES**

The parties are not aware of any related cases or proceedings in this Court.

**I.   TRIAL:**

Plaintiffs request a jury trial. Plaintiffs estimate that the trial will take 5 court days.

**J.   SETTLEMENT DISCUSSIONS AND ADR**

The parties engaged in several months of pre-filing settlement discussions. At this stage of the litigation, the parties are unlikely to reach a settlement. The parties request that the Court defer the joint ADR report deadline to a time after resolution of all dispositive motions.

6

JOINT RULE FRCP 26(F) REPORT
4826-3889-8106v.2 0201543-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

### K. COMPLEX CASE.

The parties do not view this case as needing complex case designation or use of the procedures from the Manual for Complex Litigation.

### L. CONSENT TO DESIGNATION OF A MAGISTRATE JUDGE.

At this time, the parties do not consent to the designation of a Magistrate Judge to conduct all proceedings (including trial) and final disposition.

### M. OTHER ITEMS

Paul Southwick will appear as trial counsel for Plaintiffs.

Kevin Wattles, Daniel Blomberg, Eric Baxter, and Diana Verm plan to appear as trial counsel for Defendants.

The Court has not scheduled a Rule 16 Conference.

| | |
|---|---|
| DATED: April 22, 2020 | DAVIS WRIGHT TREMAINE LLP |
| | By: */s/ Paul Southwick* |
| | Paul C. Southwick |
| | (Admitted *Pro Hac Vice*) |
| | |
| | Attorneys for Plaintiffs |
| | Joanna Maxon and Nathan Brittsan |
| DATED: April 22, 2020 | THE BECKET FUND FOR RELIGIOUS LIBERTY |
| | By: */s/ Daniel H. Blomberg* |
| | Daniel H. Blomberg |
| | (Admitted *Pro Hac Vice*) |
| | |
| | SOLTMAN, LEVITT, FLAHERTY & WATTLES LLP |
| | |
| | By: */s/ Kevin S. Wattles* |
| | Kevin S. Wattles |
| | (Cal. State Bar No. 170274) |
| | |
| | Attorneys for Defendants |
| | Fuller Theological Seminary, Marianne Meye Thompson, Mari Clements, and Nicole Boymook |

7

JOINT RULE FRCP 26(F) REPORT
4826-3889-8106v.2 0201543-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# **FILER'S ATTESTATION**

Pursuant to Central District of California Local Rule 5-4.3.4(a)(2)(i), I hereby certify that all listed signatories on whose behalf this filing is submitted concur in the content of this document and have authorized this filing.

DATED: April 22, 2020    DAVIS WRIGHT TREMAINE LLP

By: */s/ Paul Southwick*
Paul C. Southwick
(*Pro Hac Vice*)

Attorneys for Plaintiffs
Joanna Maxon and Nathan Brittsan

1

JOINT RULE FRCP 26(F) REPORT
4826-3889-8106v.2 0201543-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899