DANIEL H. BLOMBERG (admitted pro hac vice)
ERIC S. BAXTER (admitted pro hac vice)
DIANA M. VERM (admitted pro hac vice)
PETER M. TORSTENSEN, JR. (admitted pro hac vice)
THE BECKET FUND FOR RELIGIOUS LIBERTY
1200 New Hampshire Ave. NW, Suite 700
Washington, DC 20036
Telephone: (202) 955-0095
Fax: (202) 955-0090
dblomberg@becketlaw.com

KEVIN S. WATTLES (Cal. State Bar. No. 170274)
SOLTMAN, LEVITT, FLAHERTY & WATTLES LLP
90 E. Thousand Oaks Boulevard, Suite 300
Thousand Oaks, California 91360
Telephone: (805) 497-7706
Fax: (805) 497-1147
kwattles@slfesq.com
*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNA MAXON, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>FULLER THEOLOGICAL SEMINARY, *et al.*,<br><br>Defendants. | No. 2:19-cv-09969-CBM-MRW<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY DISCOVERY PENDING RESOLUTION OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>(Notice of Motion and Motion, and [Proposed] Order Filed Concurrently)<br><br>Date: June 30, 2020<br>Time: 10:00 a.m.<br>Dept: Courtroom 8B<br>Judge: Honorable Consuelo B. Marshall |

**INTRODUCTION**

Defendants Fuller Theological Seminary, Mari Clements, Marianne Thompson, and Nicole Boymook (collectively, "the Seminary") seek a stay of discovery pending resolution of their motion to dismiss. The motion to dismiss is fully briefed and will be heard June 30. A stay in the meantime is warranted and necessary for three reasons.

First, "[t]he purpose of [Rule] 12(b)(6) is to enable defendants to challenge the legal sufficiency of a complaint without subjecting themselves to discovery." *Quezambra v. United Domestic Workers of Am. AFSCME Local 3390*, No. 8:19-cv-0092, 2019 WL 8108745, at *2 (C.D. Cal. Nov. 14, 2019). That purpose is particularly well-suited here. The parties agree that the "core factual issues" giving rise to this case are not in dispute and that the case turns primarily on "the legal significance" of those facts. Dkt. 57 at 2. Moreover, the Seminary's motion to dismiss, which would resolve all Plaintiffs' claims, raises only threshold legal issues. Thus, not only is there is no pressing need for discovery (a task already made difficult by the COVID-19 stay-at-home orders affecting the parties and their counsel), but this case may well be resolved in a few short months. Staying discovery thus squarely fits the purpose of Rule 12(b)(6).

Second, Plaintiffs raise an extremely unusual and constitutionally fraught challenge to the Seminary's internal decisions about who and how to train for Christian ministry. Discovery into such claims raises the likelihood of "excessive entanglement in church matters." *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 654 & n.1 (10th Cir. 2002). Courts avoid that problem by treating church autonomy defenses as a threshold "question of law to be resolved at the earliest possible stage of litigation," often before discovery, "similar to a government official's defense of qualified immunity." *Id.* Following that approach would avoid serious entanglement problems here.

Finally, two pending Supreme Court cases are directly applicable to this case and will likely clarify and narrow the legal issues here by this Court's June 30 motion hearing.

The Seminary sought Plaintiffs' consent for this motion, explained its reasoning, and agreed to produce Rule 26(a)(1) initial disclosures. Plaintiffs oppose the motion.

# ARGUMENT

## I. The Court should stay discovery until it resolves the pending motion to dismiss.

The Seminary's dismissal motion is fully briefed and currently pending before this Court. Dkt. 45. That motion promises to resolve this case in its entirety. There is thus no reason for the parties to undergo expensive and intrusive discovery that may well be entirely unnecessary before the Court decides that motion.

"The purpose of [Rule] 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints *without* subjecting themselves to discovery." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) (emphasis added); *Quezambra*, 2019 WL 8108745, at *2 (same). Accordingly, staying discovery pending dispositive motions is standard fare. District courts regularly stay discovery when dispositive motions are pending, and the Ninth Circuit just as regularly affirms them.[1] In fact, one district court even "dramatically reduced" a party's sanctions award because it *failed* to move to stay discovery pending a motion to dismiss. *Schwaber v. Hartford Accident Indem. Co.*, 936 F.2d 579 (9th Cir. 1991) (table).

### A. A stay is warranted because the motion to dismiss will dispose of this case and can be resolved without discovery.

Based on their inherent docket-control authority and Rule 26(c), courts often stay discovery pending a motion to dismiss when (i) "the pending motion [is] potentially dispositive of the entire case" and (ii) the motion "can be decided absent additional discovery." *Quezambra*, 2019 WL 8108745, at *2. Both factors are met here.

First, and most obviously, the Seminary's pending motion seeks dismissal of all Plaintiffs' claims and so is at least "potentially" dispositive of this case in its entirety. *Id.*; *see also* Dkt. 46 (moving for dismissal of all claims).

---

[1] *Lazar v. Kroncke*, 862 F.3d 1186, 1203 (9th Cir. 2017); *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002); *Alaska Cargo Transp. v. Alaska R.R.*, 5 F.3d 378, 383 (9th Cir. 1993); *Wood v. McEwan*, 644 F.2d 797, 801-02 (9th Cir. 1981); *Johnson v. Martinez*, 131 F. App'x 546, 548 (9th Cir. 2005); *Top Rank, Inc. v. Haymon*, No. CV 15-4961, 2015 WL 9952887 (C.D. Cal. Sept. 17, 2015); *Amey v. Cinemark USA*, No. 13-06428, 2013 WL 12143815 (C.D. Cal. Oct. 18, 2013).

Second, no discovery is necessary to resolve the motion to dismiss. Indeed, the parties concede that the "core factual issues" giving rise to this case are not in dispute and that the case turns primarily on "the legal significance" of the undisputed facts. Dkt. 57, at 2; *see also* FAC ¶ 4 (conceding Fuller Theological Seminary is "religious in nature"); ¶ 191 (acknowledging Fuller Theological Seminary's "biblically based" belief that "sexual union must be reserved for marriage, which is the covenant union between one man and one woman"); ¶ 1 (conceding Plaintiffs were expelled "for one reason: they married someone of the same sex"). Thus, what remains are "pure question[s] of law" for the Court to decide "for itself." *Conlon v. InterVarsity Christian Fellowship*, 777 F.3d 829, 833 (6th Cir. 2015).

It is no surprise, then, that Plaintiffs raised no significant factual disputes in their opposition to the motion to dismiss. The Seminary asserted eight legal defenses against Plaintiffs' lead claim under Title IX: three statutory defenses, three under the Religion Clauses, and one apiece under the First Amendment's free association protections and the Religious Freedom Restoration Act. Plaintiffs raised a factual question for only *one* of these defenses (Title IX's religious exemption), suggesting that two Seminary employees might have been motivated by animus instead of the Seminary's community standards. But even if true, that imagined "fact" would be irrelevant to the motion to dismiss, since—as a matter of law—individuals cannot be liable under Title IX, entities cannot be liable under Title IX on a theory of *respondeat superior*, and the Seminary in any case has expressly endorsed Plaintiffs' dismissal based on its religious community standards—a judgment that neither Plaintiffs nor this Court can second guess. Dkt. 55 at 5; *see also Alaska Cargo*, 5 F.3d at 383 (affirming stay where "no suggestion . . . that the discovery sought was relevant").

The same is true for Plaintiffs' secondary state-law claims. Courts regularly dismiss those kinds of "derivative" claims in church autonomy cases. *Klouda v. Sw. Baptist Theological Seminary*, 543 F. Supp. 2d 594 (N.D. Tex. 2008) (dismissing fraud and contract claims, among others); *see also Ogle v. Church of God*, 153 F. App'x 371, 375-76 (6th

3

Cir. 2005) (dismissing IIED and contract claims because they "all implicate the [religious defendant's] internal disciplinary proceedings"); *Bell v. Presbyterian Church*, *(U.S.A.)*, 126 F.3d 328, 330 (4th Cir. 1997) (IIED, contract claims); Dkt. 46 at 18-19; Dkt. 55 at 6 n.5. Courts also routinely decline supplemental jurisdiction over such claims. *Rweyemamu v. Cote*, 520 F.3d 198, 210 (2d Cir. 2008); *Aparicio v. Christian Union, Inc.*, No. 18-CV-0592, 2019 WL 1437618, at *11 (S.D.N.Y. Mar. 29, 2019). So, particularly in the event of dismissal of the Title IX claims, the state-law claims cannot justify discovery.

Moreover, Plaintiffs' passing reference to a few factual questions about the state-law claims does nothing to change the fundamental legal flaws present in those claims. For instance, Brittsan's claims are time-barred and the Unruh Act does not cover Maxon's extraterritorial allegations in Texas. Dkt. 46 at 19-24; Dkt. 55 at 9-10; *see also* Dkt. 53 at 22 (admitting that "[s]ome of [Brittsan's] allegations go beyond the [limitations period]"). Because Plaintiffs' discovery requests do "not relate to the legal issues raised in the . . . motion to dismiss," a stay should be granted. *Young v. United States*, 907 F.2d 156 (Table), 1990 WL 90381, at *2 (9th Cir. June 25, 1990).

The Seminary's pending motion to dismiss will resolve this case in its entirety and it needs no discovery to do so. Because discovery is not necessary at this stage, it is also not appropriate. *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) ("Discovery is only appropriate where there are factual issues raised by a Rule 12(b) motion."); *Quezambra*, 2019 WL 8108745, at *2 (same). A stay is warranted.

**B. Other considerations similarly favor a stay.**

While the Ninth Circuit's analysis generally treats as dispositive the two factors addressed above, other considerations that courts sometime weigh also favor a stay. Those considerations include: whether the pending motion is likely to succeed, whether counter or crossclaims have been asserted, whether all defendants have joined the pending motion, the stage of the litigation, the expected extent of discovery, and the nature and complexity of the action. *Amey*, 2013 WL 12143815, at *2; *Mireskandari v. Daily Mail*

4

*& Gen. Trust PLC*, No. 12-cv-2943, 2013 WL 12129944, at *2 (C.D. Cal. Jan. 14, 2013) (same). Those considerations all point the same way here.

Most importantly, the Seminary's motion to dismiss is likely to succeed. Plaintiffs have failed to identify any cases that accept their novel and far-reaching claims. Meanwhile, courts, the EEOC, the Department of Education, and the California Attorney General have all long-rejected Plaintiffs' positions. Dkt. 46 at 16, 19; Dkt. 55 at 2-3, 4-5, 8. And Plaintiffs' counterarguments to the Seminary's defenses depend on broad categorical arguments—*e.g.*, that religious autonomy only protects "churches"—that are, among other things, foreclosed by controlling precedent. Dkt. 55 at 5-6. Plaintiffs have failed to show why this Court should fundamentally change the federal government's relationships with hundreds of seminaries and schools of theology nationwide. *Id.* at 7 n.6.

Thus, even just a "preliminary analysis" of the Title IX religious exemption, Plaintiffs' constitutional defenses, and the flaws in Defendants' state-law claims (including conceded statute of limitations problems) shows "an immediate and clear possibility that [the motion to dismiss] will be granted." *Mireskandari*, 2013 WL 12129944, at *2. And because Plaintiffs are "unable to state a claim," a stay is appropriate. *Young*, 1990 WL 90381, at *2 (quoting *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981)).

The remaining other considerations likewise favor a stay. The Seminary has asserted no counterclaims, nor does it plan to. All Defendants joined the motion to dismiss. Dkt. 45. The parties agree that discovery will not be lengthy. Dkt. 57 at 5-6. This litigation is still young: Plaintiffs filed the operative complaint only three months ago, in January 2020, Dkt. 20, no discovery has yet commenced, and only one substantive motion has been filed—the pending motion to dismiss. And as discussed below, the religiously and constitutionally sensitive nature of this case emphasizes the uniquely heightened need for a stay. Thus, all the other considerations point to staying discovery.

As does another unique consideration: the COVID-19 pandemic. Under several state decrees, the Seminary, its employees, and counsel for both parties are required to protect public health by remaining at home as much as possible. Engaging in discovery at this

time would jeopardize that effort by requiring people to leave home to retrieve records, print and mail documents, and fly to and attend depositions. Thus, it will be nearly impossible to conduct any meaningful discovery in advance of the June 30 hearing. Especially considering that Plaintiffs have not identified an immediate need for discovery, the COVID-19 restrictions further favor a stay.

**II. This Court should stay discovery to avoid entanglement in religious affairs.**

This case concerns a very unusual challenge to a religious seminary's theological choices about who it will train for religious ministry and how it will do so. For such a claim, not only the outcome of the case but also the "very process of inquiry" into such sensitive internal matters could "impinge on rights guaranteed by the Religion Clauses." *NLRB v. Catholic Bishop*, 440 U.S. 490, 502 (1979).

For this reason, courts "avoid excessive entanglement in church matters" by adjudicating church autonomy defenses as a threshold matter akin to qualified immunity, which should "be resolved at the earliest possible stage of litigation." *Bryce*, 289 F.3d at 654 & n.1 (comparing to qualified immunity); *see also Petruska v. Gannon Univ.*, 462 F.3d 294, 302-03 (3d Cir. 2006) (same); *McCarthy v. Fuller*, 714 F.3d 971, 975-76 (7th Cir. 2013) (same). In many cases—as in this case—the earliest appropriate stage is the motion to dismiss stage. *Alcazar v. Corp. of the Catholic Archbishop of Seattle*, 627 F.3d 1288, 1290 (9th Cir. 2010) (affirming district court's grant of judgment on the pleadings); *Werft v. Desert Sw. Annual Conference of United Methodist Church*, 377 F.3d 1099, 1100 (9th Cir. 2004) (affirming Rule 12(b)(6) dismissal).[2]

---

[2] *See, e.g.*, *Gaddy v. Corporation of the President of the Church of Jesus Christ of Latter-day Saints*, No. 19-cv-554, 2020 WL 1536565 (D. Utah March 31, 2020); *Garrick v. Moody Bible Inst.*, 412 F. Supp. 3d 859, 871-72 (N.D. Ill. 2019); *Aparicio*, 2019 WL 1437618, at *8-10; *Byrd v. DeVeaux*, No. DKC 17-3251, 2019 WL 1017602, at *5-8 (D. Md. Mar. 4, 2019); *Hubbard v. J Message Grp.*, 325 F. Supp. 3d 1198 (D.N.M. 2018); *Demkovich v. St. Andrew the Apostle Parish*, 343 F. Supp. 3d 772, 786-87 (N.D. Ill. 2018); *Moreno v. Episcopal Diocese of Long Island*, No. CV-14-7231, 2016 WL 8711448 (E.D.N.Y. Jan. 20, 2016); *see also Hollins v. Methodist Healthcare, Inc.*, 379 F. Supp. 2d 907, 913 (W.D. Tenn. 2005), *aff'd*, 474 F.3d 223 (6th Cir. 2007) (granting defendant's motion to dismiss, denying plaintiff's motion for discovery).

It is standard procedure that, while dispositive qualified-immunity motions are pending, stays of discovery are granted to protect the asserted right from irreparable loss. *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (affirming discovery stay pending resolution of qualified immunity motion); *Herrick v. Strong*, 745 F. App'x 287, 289 (9th Cir. 2018) (A "stay of discovery was appropriate here because qualified immunity's determinative impact constitutes more than just a defense to liability—it is immunity from suit altogether."). That standard is particularly applicable here. Courts have repeatedly recognized that the Religion Clauses can "grant churches an immunity from civil discovery" in some cases, *United Methodist Church, Baltimore Annual Conference v. White*, 571 A.2d 790, 791-93 (D.C. 1990), and accordingly that unnecessary or premature discovery can cause "the very type of intrusion that the [First Amendment] seeks to avoid," *Sterlinski v. Catholic Bishop of Chicago*, No. 16 C 00596, 2017 WL 1550186, at *5 (N.D. Ill. May 1, 2017). This is because subjecting "[c]hurch personnel and records" to "discovery, . . . [and] the full panoply of legal process designed to probe the mind of the church," inherently risks entanglement and thus should be permitted only when necessary. *Rayburn v. Gen. Conference of Seventh-Day Adventists*, 772 F.2d 1164, 1171 (4th Cir. 1985); *see also McRaney v. North Am. Mission Bd. of the S. Baptist Convention, Inc.*, No. 17-cv-80, 2018 WL 5839678 (N.D. Miss. Nov. 7, 2018) (quashing subpoena under religious autonomy doctrines); *Mireskandari*, 2013 WL 12129944, at *3 (stay warranted to prevent "First Amendment-related harm" caused by discovery).

Thus, if Plaintiffs proceed with discovery now and the Court later decides the Religion Clauses bar Plaintiffs' claims, the Seminary's right to church autonomy will *already* have been "irreparably" violated by unnecessary intrusion into its internal religious affairs. *See McCarthy*, 714 F.3d at 974-76; *Kirby v. Lexington Theological Seminary*, 426 S.W.3d 597, 608-09 (Ky. 2014) (religious autonomy defense is a "threshold matter" that must be decided before merits-related discovery to avoid irreparable "constitutional injury").

Moreover, allowing Plaintiffs to use this Court's authority to compel unnecessary discovery would also threaten this Court's own interests in avoiding religious entanglement. *See, e.g.*, *Lee v. Sixth Mount Zion Missionary Baptist Church*, 903 F.3d 113, 118 n.4 (3d Cir. 2018) (citing *Conlon*, 777 F.3d at 836) (recognizing that the Religion Clauses set "constitutional limits on judicial authority" which, as a "structural" matter, "categorically prohibit[]" any interference in disputes over internal religious disputes; upholding district court's decision to raise the ministerial exception *sua sponte* to avoid entanglement in church affairs); *accord Tomic v. Catholic Diocese of Peoria*, 442 F.3d 1036, 1042 (7th Cir. 2006) (a "federal court [should] not allow itself to get dragged into a religious controversy").

A stay is thus required to avoid unnecessary entanglement in religious affairs.

**II. A stay is also warranted given pending relevant Supreme Court decisions.**

Efficiency and fairness favor a stay "pending resolution of independent proceedings which," although not "necessarily controlling of the action before the Court," will "bear upon the case." *Chattanond v. Discover Fin. Servs., LLC*, No. 15-cv-08549, 2016 WL 8202736, at *1 (C.D. Cal. Feb. 26, 2016) (quoting *Leyva v. Certified Grocers of Cal.*, 593 F.2d 857, 863-64 (9th Cir. 1979)). Courts in this district thus regularly enter such stays for a pending relevant Supreme Court case. *Abu-Hajar v. AutoNation, Inc.*, No. 17-cv-3505, 2017 WL 10591886, at *3 (C.D. Cal. Aug. 17, 2017) (stay entered to avoid "unnecessarily expend[ing] substantial time and resources"). Here, the existence of *two* pending relevant cases favor a stay: *Bostock v. Clayton County, Georgia*, No. 17-1618 (U.S. filed May 25, 2018), and *Our Lady of Guadalupe School v. Morrissey-Berru*, No. 19-267 (U.S. filed Aug. 28, 2019).[3]

---

[3] The Supreme Court has consolidated *Bostock* with *R.G. & G.R. Harris Funeral Homes Inc. v. EEOC*, No. 18-107 (U.S. filed July 20, 2018), and *Altitude Express Inc. v. Zarda*, No. 17-1623 (U.S. filed May 29, 2018). It has also consolidated *Our Lady* with *St. James School v. Biel*, No. 19-348 (U.S. filed Sept. 16, 2019).

In *Bostock*, the Supreme Court will consider whether Title VII prohibits sexual orientation discrimination, which is relevant to Plaintiffs' claim that Title IX prohibits sexual orientation discrimination. *See Emeldi v. Univ. of Or.*, 698 F.3d 715, 724 (9th Cir. 2012) (noting that Congress likely intended Title IX be governed by similar standards as Title VII). And in *Our Lady*, the Supreme Court will consider the scope of the Religion Clauses' protection for a religious school's internal religious affairs as against federal nondiscrimination laws, a ruling that will be relevant to this Court's review of both Plaintiffs' Title IX claims and their state-law claims. *Werft*, 377 F.3d at 1100 n.1 (Religion Clauses apply equally to "federal and state law claims"); *Schmoll v. Chapman Univ.*, 70 Cal. App. 4th 1434, 1438 n.3, 1444 (Ct. App. 1999) (rejecting state-law claims against a religious school under "constitutional concepts of religious autonomy," which "apply to state as well as federal action"). *Bostock* was argued on October 8, 2019, and *Our Lady* will be argued on May 11, 2020. Both would normally be expected to be resolved by the time of the motion to dismiss hearing on June 30, just over two months from now. That is well within the time courts in this district have been willing to stay whole *proceedings*. *Abu-Hajar*, 2017 WL 10591886, at *4 (listing cases granting stays more than four months before oral argument).

And courts are particularly willing to grant stays when the pending Supreme Court decisions will help resolve *threshold* issues. *In re DirectTV Early Cancellation Fee Marketing & Sales Practices Litig.*, No. 09-MDL-2093, 2010 WL 11469932 (C.D. Cal. Nov. 15, 2010) (arbitration); *Flores v. Collection Consultants of Cal.*, No. 14-cv-0771, 2015 WL 12791371 (C.D. Cal. July 27, 2015) (Art. III standing). Here, the Seminary is also raising threshold defenses, and its request is more modest: a temporary stay of discovery only, not of all proceedings.

## CONCLUSION

This Court should stay discovery until it resolves the Seminary's motion to dismiss.

Dated: April 23, 2020

Respectfully submitted,

/s/ Kevin S. Wattles
KEVIN S. WATTLES
SOLTMAN, LEVITT, FLAHERTY &
WATTLES LLP
90 E. Thousand Oaks Boulevard, Suite
300
Thousand Oaks, California 91360
Telephone: (805) 497-7706
Fax: (805) 497-1147
kwattles@slfesq.com

/s/ Daniel H. Blomberg
DANIEL H. BLOMBERG
ERIC S. BAXTER
DIANA M. VERM
PETER M. TORSTENSEN, JR.
JACOB M. COATE
THE BECKET FUND FOR RELIGIOUS
LIBERTY
1200 New Hampshire Ave. NW, Suite 700
Washington, DC 20036
Telephone: (202) 955-0095
Fax: (202) 955-0090
dblomberg@becketlaw.com

*Attorneys for Defendants*