PAUL C. SOUTHWICK (*Pro Hac Vice*)
  paulsouthwick@dwt.com
ARLEEN FERNANDEZ (State Bar No. 318205)
  arleenfernandez@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Plaintiffs
JOANNA MAXON and
NATHAN BRITTSAN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNA MAXON, AN INDIVIDUAL, and NATHAN BRITTSAN, AN INDIVIDUAL<br><br>Plaintiff,<br><br>vs.<br><br>FULLER THEOLOGICAL SEMINARY, a California nonprofit corporation; MARIANNE MEYE THOMPSON, an individual; MARI L. CLEMENTS, an individual; NICOLE BOYMOOK, an individual;<br><br>Defendants. | Case No. 2:19-cv-09969-CBM-MRW<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY PENDING RESOLUTION OF DEFENEDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT [DKT. 58]**<br><br>**DEMAND FOR JURY TRIAL**<br><br>(Declaration of Paul C. Southwick filed concurrently)<br><br>Date: June 30, 2020<br>Time: 10:00 am<br>Dept.: Courtroom 8B<br>Judge: Hon. Consuelo B. Marshall |

i
PLAINTIFFS' MPA IN OPPOSITION TO DEFTS' MOTION TO STAY DISCOVERY
PENDING RESOLUTION OF DEFTS' MOTION TO DISMISS PLTFS' MTD FAC
4826-0015-5322v.1 0201543-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

COME NOW, Plaintiffs Joanna Maxon and Nathan Brittsan submit the following Memorandum of Points and Authorities and Declaration of Paul C. Southwick ("Southwick Decl.") filed concurrently herewith in Opposition to Defendants' Motion to Stay Discovery Pending Resolution of Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint. [Dkt. 058]

A party seeking a stay of discovery carries a heavy burden. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). The party must make a strong showing why discovery should be denied. *Id*. The Federal Rules do not provide for an automatic stay of discovery pending a dispositive motion. Moreover, because the routine issuance of a stay "would be 'directly at odds with the need for expeditious resolution of litigation,' courts generally disfavor them." *Quezambra v. United Domestic Workers of Am. AFSCME Local 3390*, No. 8:19-cv-0092, 2019 WL 8108745 (C.D. Cal. Nov. 14, 2019) (internal citation omitted). Moreover, courts have recognized the "fact that a non-frivolous motion [to dismiss] is pending is simply not enough to warrant a blanket stay of all discovery." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. Dec. 13, 2011).

Plaintiffs are mindful, however, that courts are to consider proportionality under Fed. R. Civ. P. 26(b)(1) at all stages of the proceeding. Consequently, Plaintiffs currently seek limited discovery as described below.

**I.    ARGUMENT**

Plaintiffs seek discovery relating to Fuller Theological Seminary's ("Fuller") First Amendment and statutory exemption defenses. To begin, such defenses are more properly the subject of a summary judgment motion than a motion to dismiss, particularly where, as here, there are numerous factual issues in dispute relating to those defenses. *See Hosanna-Tabor Evangelical Lutheran Church & Sch. v. EEOC*, 556 U.S. 171 (2012) (ministerial exception case decided on summary judgment motion, not motion to dismiss); *Biel v. St. James School*, 911 F.3d 603 (9th Cir.

1
PLAINTIFFS' MPA IN OPPOSITION TO DEFTS' MOTION TO STAY DISCOVERY
PENDING RESOLUTION OF DEFTS' MOTION TO DISMISS PLTFS' MTD FAC
4826-0015-5322v.1 0201543-000001

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

2018) (ministerial exception decided on summary judgment); *Our Lady of Guadalupe School v. Morrissey-Berru*, 769 Fed.Appx. 460 (9th Cir. 2019) (same).

Additionally, "[a]s an affirmative defense, the ministerial exception can serve as the basis for dismissing a complaint at the pleadings stage under Rule 12(b)(6) only when the elements of the defense appear on the face of the complaint." *See Jones v. Bock*, 549 U.S. 199, 215 (2007) (citing 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2004)); *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013). Here, as described more fully below and in Plaintiffs' Opposition to Defendant's Motion to Dismiss, the elements of Defendants' ministerial exception defense do not appear on the face of the complaint.

Second, this case concerns a publicly funded academic institution and the question of whether the government is required to subsidize Fuller's discrimination through financial assistance. Fuller argues that Plaintiffs' claims, and even discovery relating to their claims, raises an excessive entanglement concern. However, neither the claims nor the discovery raise such a concern, as Fuller has willingly entangled itself in governmental regulation.[1] As a federally funded institution of higher education, and one accredited by secular accrediting bodies, Fuller must not only comply with the many rules and regulations under Title IX, but Fuller must also comply with the Family Educational Rights and Privacy Act ("FERPA"), the Violence Against Women Act, and the Clery Act, among other statutes and regulations. This is not a case where the plaintiff is trying to storm into a church and obtain the personnel files of the church's ministers. This is a case where students, who obtained federal student loans to attend a secularly accredited

---

[1] Moreover, Fuller has agreed to provide, and has provided, initial disclosures. While Fuller's current initial disclosures are deficient, *see* Southwick Decl., Ex. 2, Fuller has agreed to amend its initial disclosures.

2
PLAINTIFFS' MPA IN OPPOSITION TO DEFTS' MOTION TO STAY DISCOVERY
PENDING RESOLUTION OF DEFTS' MOTION TO DISMISS PLTFS' MTD FAC
4826-0015-5322v.1 0201543-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

academic institution, seek discovery to help them oppose the defendants' affirmative defenses.

Relatedly, Defendants argue that Defendants' Motion to Dismiss, based largely on First Amendment and statutory exemption defenses, is likely to succeed. Dkt. 58-1, p. 5. Plaintiffs disagree and incorporate their arguments from their Opposition to Defendants' Motion to Dismiss. Plaintiffs' claims fit comfortably within a long line of Supreme Court precedent. This precedent has granted the government broad latitude to regulate the conduct of private religious actors when the regulation is tied to public funding. The First Amendment does not compel the government to subsidize discriminatory practices. *See, e.g. Grove City College v. Bell*, 465 U.S. 555 (1984) (Congress is free to attach non-discrimination conditions to federal financial assistance); *Christian Legal Soc. Chapter of the University of California v. Martinez*, 561 U.S. 661 (2010) ("our decisions have distinguished between policies that require action and those that withhold benefits"); *Bob Jones University v. United States*, 461 U.S. 574 (1983) (IRS permitted to deny tax-exempt status to religious university with racially discriminatory policies).

Defendants also raise the specter of the two pending Supreme Court cases referenced by Defendants. Dkt. 58-1, pp. 8-9. However, the resolution of those cases will have little or no bearing on the First Amendment and statutory exemption defenses they assert. To begin, *Our Lady of Guadalupe School v. Morrissey-Berru*, No. 19-267 (U.S. filed Aug. 28, 2019), and its companion case *St. James School v. Biel*, No. 19-348 (U.S. filed May 29, 2018), concern employment claims by teachers at private K-8 schools owned by the Catholic Church. Moreover, neither case (1) involves public funding, (2) addresses whether the government may attach nondiscrimination requirements to public funding, or (3) involves a Title IX claim by students. Consequently, *Morrissey-Berru* and *Biel* are likely to have minimal, if any, effect on Defendants' defenses.

3

PLAINTIFFS' MPA IN OPPOSITION TO DEFTS' MOTION TO STAY DISCOVERY
PENDING RESOLUTION OF DEFTS' MOTION TO DISMISS PLTFS' MTD FAC
4826-0015-5322v.1 0201543-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

The other case Defendants reference that is currently before the Supreme Court, *Bostock v. Clayton County, Georgia*, No. 17-1618 (U.S. filed May 25, 2018), and its companion case *Altitude Express Inc. v. Zarda*, No. 17-1623 (U.S. filed May 29, 2018), relate to the scope of protections available to plaintiffs asserting Title VII employment claims based on sex discrimination. The plaintiffs in those cases were not married to same-sex partners and did not experience an adverse employment action because of their same-sex marriages. Moreover, neither case involves a defendant religious organization or a Title IX claim by a student. Consequently, *Bostock* and *Altitude Express* will have no bearing on Defendants' First Amendment and religious exemption defenses and are only likely to have an indirect impact on the scope of protections available to plaintiffs under Title IX. In any event, a stay of discovery to wait for a ruling from the Supreme Court is unnecessary because Plaintiffs are not currently seeking discovery on issues that could be impacted by the Court's decision in those cases.

Defendants also argue that this case can be disposed of without discovery. Dkt. 58-1, pp. 2-4. Plaintiffs disagree. While the parties Joint Rule 26(f) Report and Discovery Plan recognized that the "core factual issues are not in dispute at this stage of the litigation," that recognition was explicitly limited by the language in the remainder of sentence, which states that the "parties agree that Fuller dismissed Plaintiffs because of their same-sex marriages." Dkt. 57, p. 2. The purpose of that statement from the Joint Rule 26(f) Report, was to inform the Court that this case is not about whether Fuller had a different, non-discriminatory reason for expelling Plaintiffs and that the Parties would not need to engage in substantial discovery about the who, what, where and why of Plaintiffs' expulsions. Rather, the factual disputes in this case principally relate to the facts surrounding Defendants' defenses based on the First Amendment and statutory exemptions.

Plaintiffs' First Set of Requests for Production of Documents seeks evidence to help resolve a number of factual issues relevant to analyzing Defendants' First

4

PLAINTIFFS' MPA IN OPPOSITION TO DEFTS' MOTION TO STAY DISCOVERY PENDING RESOLUTION OF DEFTS' MOTION TO DISMISS PLTFS' MTD FAC
4826-0015-5322v.1 0201543-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Amendment and statutory exemption defenses. *See* Southwick Decl., Ex. 1. **First**, while the parties agree that Fuller is a religious organization, and that it possess certain First Amendment rights, the parties have not agreed as to the type or nature of the religious organization. Is Fuller controlled by a church or religious denomination? If so, what is that church or denomination? Who does that church consider to be one of its ministers? What are the church's governing documents and what do they say about marriage and sexuality?

**Second**, if Fuller is not controlled by a church or religious denomination, but is nevertheless a religious nonprofit organization possessing First Amendment rights, will the U.S. Department of Education and the State of California's religiously neutral non-discrimination statutes substantially burden Fuller's religious or associational rights? If Fuller enrolls students who are atheists or from non-Christian traditions can Fuller still claim a substantial burden would be caused by admitting students who marry someone of the same sex?

**Third**, while the parties agree that Fuller receives financial assistance from the federal government, they disagree as to whether Fuller receives financial assistance from the State of California, whether through the Student Tuition Recovery Fund or otherwise.

**Fourth**, questions of fact remain as to whether Fuller has applied for or received a religious exemption from the requirements of Title IX or from the requirements of California's Equity in Higher Education Act.

Other question of fact remain, as reflected by the requests in Plaintiffs' First RFP. Consequently, a number of factual issues relating to Defendants' First Amendment and statutory exemption defenses are unresolved.

//
//
//

5
PLAINTIFFS' MPA IN OPPOSITION TO DEFTS' MOTION TO STAY DISCOVERY PENDING RESOLUTION OF DEFTS' MOTION TO DISMISS PLTFS' MTD FAC
4826-0015-5322v.1 0201543-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## II. CONCLUSION

For the reasons set forth above, Plaintiffs Joanna Maxon and Nathan Brittsan respectfully request that Defendants' Motion to Stay Discovery Pending Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint be denied.

Respectfully submitted,

DATED June 9, 2020     DAVIS WRIGHT TREMAINE LLP

By: */s/ Paul Southwick*
   Paul C. Southwick (*Pro Hac Vice*)

   Attorneys for Plaintiffs
   Joanna Maxon and Nathan Brittsan

6
PLAINTIFFS' MPA IN OPPOSITION TO DEFTS' MOTION TO STAY DISCOVERY
PENDING RESOLUTION OF DEFTS' MOTION TO DISMISS PLTFS' MTD FAC
4826-0015-5322v.1 0201543-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899