DANIEL H. BLOMBERG (admitted pro hac vice)
ERIC S. BAXTER (admitted pro hac vice)
DIANA M. VERM (admitted pro hac vice)
PETER M. TORSTENSEN, JR. (admitted pro hac vice)
THE BECKET FUND FOR RELIGIOUS LIBERTY
1200 New Hampshire Ave. NW, Suite 700
Washington, DC 20036
Telephone: (202) 955-0095
Fax: (202) 955-0090
dblomberg@becketlaw.com

KEVIN S. WATTLES (Cal. State Bar. No. 170274)
SOLTMAN, LEVITT, FLAHERTY & WATTLES LLP
90 E. Thousand Oaks Boulevard, Suite 300
Thousand Oaks, California 91360
Telephone: (805) 497-7706
Fax: (805) 497-1147
kwattles@slfesq.com

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNA MAXON, *et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>FULLER THEOLOGICAL SEMINARY, *et al.*,<br><br>    Defendants. | No. 2:19-cv-09969-CBM-MRW<br><br>**UNOPPOSED NOTICE OF MOTION & MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>(Proposed Notice of Supplemental Authority Filed Concurrently)<br><br>Date: August 4, 2020<br>Time: 10:00 a.m.<br>Dept: Courtroom 8B<br>Judge: Honorable Consuelo B. Marshall |

Defendants Fuller Theological Seminary, Mari Clements, Marianne Thompson, and Nicole Boymook (together, the "Seminary") seek leave to file a notice of supplemental authority to their motion to dismiss. *See* Judge Marshall Standing Order 7(a); *see also* Dkt. 62 (setting the hearing date on that motion for August 4). Plaintiffs do not oppose this request for leave.

The Supreme Court's recent decision in *Our Lady of Guadalupe School v. Morrissey-Berru*, 140 S. Ct. 2049 (2020), is directly relevant to the Seminary's pending motion to dismiss. First, *Our Lady* affirms the Seminary's argument that, under the Religion Clauses of the First Amendment, religious schools have "independence in matters of faith and doctrine and in closely linked matters of internal government." *Id.* at 2061. Preserving this independence contributes to "the rich diversity of religious education in this country." *Id.* at 2066. *Our Lady* warned that "[s]tate interference" in such matters "would obviously violate the free exercise of religion" and "any attempt by government to dictate or even to influence such matters would constitute one of the central attributes of an establishment of religion." *Id.* at 2060. As applied here, the Seminary's requirement that theology students abide by its religious Community Standards as part of their ministerial training is precisely the kind of internal governance matter protected from government control or influence. *See* Dkt. 46 at 11-15.

Second, *Our Lady* rejects Plaintiffs' counterarguments. Plaintiffs argued that the church autonomy doctrine has been applied "exclusively" to churches and "never" to other religious groups. Dkt. 53 at 12-13. But *Our Lady* held the opposite, applying the "principle of church autonomy" to safeguard religious schools and emphasizing that "the Religion Clauses protect the right of churches *and other religious institutions*." 140 S. Ct. at 2060-61 (emphasis added). Plaintiffs also tried to cabin substantial Religion Clauses' protection *solely* to employment claims. Dkt. 53 at 14. But *Our Lady* explains that the protection from judicial resolution of ministerial "employment disputes" fits within a larger framework that further guarantees both "autonomy i[n] the selection of the individuals who play certain key religious roles" and, more broadly, in any "internal management decisions that are essential to the institution's central mission." 140 S. Ct.

1

at 2060. Moreover, the Court recognized that little is more "central" than religious education, given the "close connection that religious institutions draw between their central purpose and educating [people] in the faith." *Id.* at 2066. Those protections thus apply here, barring Plaintiffs' suit over the Seminary's internal management decisions about their ministerial training in the School of Theology.

*Our Lady* is accordingly relevant to this Court's consideration of the Seminary's pending motion to dismiss. *See Resnick v. Hyundai Motor Am., Inc.*, No. 16-cv-00593, 2017 WL 6549931, at *14 n.7 (C.D. Cal. Aug. 21, 2017) (suggesting that notices of supplemental authority should "summarize the case" and "describe how it applies to the instant case"). Thus, the Seminary submits that this Court should grant leave to file the attached proposed notice of supplemental authority.

Dated: July 29, 2020

Respectfully submitted,

/s/ Kevin S. Wattles
KEVIN S. WATTLES
SOLTMAN, LEVITT, FLAHERTY & WATTLES LLP
90 E. Thousand Oaks Boulevard
Suite 300
Thousand Oaks, California 91360
Telephone: (805) 497-7706
Fax: (805) 497-1147
kwattles@slfesq.com

/s/ Daniel H. Blomberg
DANIEL H. BLOMBERG
ERIC S. BAXTER
DIANA M. VERM
PETER M. TORSTENSEN, JR.
JACOB M. COATE
THE BECKET FUND FOR RELIGIOUS LIBERTY
1200 New Hampshire Ave. NW, Suite 700
Washington, DC 20036
Telephone: (202) 955-0095
Fax: (202) 955-0090
dblomberg@becketlaw.com

*Attorneys for Defendants*